H. B. Buzzell et als., In Equity, *vs.*. Caroline S. Fogg.

Kennebec.   Opinion April 6, 1921.

*Interpretation of a residuary clause in a will.   A bequest in terms manifesting*
*a clear intent that it shall be taken in trust, and the trust is so indefinite that* ·
*it can not be carried into effect, the legatee takes the legal title only and*
*a trust results by implication of law to the testator's*
*residuary legatees of next of kin.*

Bill in equity praying for interpretation of a paragraph in the will of M. Angie
Brown which reads thus:

"All the rest, residuum and remainder of my estate I give to Caroline S. Fogg
of Augusta, Maine, to be disposed of as she directs from time to time and as
she thinks will be in accordance with my wishes."

Mrs. Fogg is the executrix of the will.

*Held:*

That the executrix holds the residuum in trust for the heirs at law of the tes-
tatrix, and that the same be divided among them after paying debts of
administration.

On appeal by defendant.   This is a bill in equity seeking the inter-
pretation of the residuary clause in the will of M. Angie Brown.   A
hearing was had before a single Justice upon bill, answer and replica-
tion and it was decreed that under the residuary clause of the will, ·
Caroline S. Fogg, the executrix of the will, and the respondent in the
bill in equity, held the property in trust for the heirs at law of testa-
trix, from which finding defendant appealed.   Appeal dismissed.

Case stated in the opinion.

*McLean, Fogg & Southard,* for plaintiff.

*M. S. Holway,* for defendant.

Sitting:   Cornish, C. J., Philbrook, Dunn, Wilson, Deasy, JJ.

Philbrook, J.   The plaintiffs are heirs at law of M. Angie Brown
who died testate on the 19th day of January, 1920.   The defendant
is the duly appointed and qualified executrix of the will.   The residu-
ary clause of the will reads as follows:—

"All the rest, residuum and remainder of my estate I give to Caroline S. Fogg of Augusta, Maine, to be disposed of as she directs from time to time and as she thinks will be in accordance with my wishes."

The plaintiffs pray for construction and interpretation of this residuary clause, claiming that the same is void, illegal and of no effect and that the residuum belongs to them. They further pray that the court will order the defendant to pay over the residuum to them by reason of their relationship to the deceased.

The cause was heard upon bill, answer, replication and arguments of counsel and the sitting Justice sustained the bill, with costs to be paid out of the estate, holding that the true construction of the residuary clause of the will is that the executrix holds the residuum in trust for the heirs at law of the testatrix and ordered that the residuum after paying debts of administration be divided among the heirs at law of the testatrix.

From this decree the defendant seasonably appealed and the cause is now before us for interpretation of the residuary clause hereinbefore referred to.

The legal questions involved here have been so recently and so fully discussed in *Haskell* v. *Staples*, 116 Maine, 103, and in the somewhat recent case of *Fitzsimmons* v. *Harmon*, 108 Maine, 456, that it hardly seems profitable to repeat that discussion. The case at bar is controlled by the law as expressed in those two opinions and they must govern us here.

> *Appeal dismissed.*
> *Decree of sitting Justice affirmed with costs and reasonable attorneys fees for both parties to be determined by the court below and to be allowed out of the funds in the hands of the executrix.*